**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

CLAUDE E. DENT,

                      Petitioner,

    v.                                              No. 03-CV-208
                                                     (TJM/DRH)

SUPERINTENDENT, Wende Correctional Facility,

                      Respondent.

-----------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

CLAUDE E. DENT
Petitioner Pro Se
No. 01-B-0843
Mohawk Correctional Facility
Post Office Box 8451
6100 School Road
Rome, New York 13442

HON. ELIOT SPITZER                           G. LAWRENCE DILLON, ESQ.
Attorney General for the                     Assistant Attorney General
   State of New York
Attorney for Respondent
207 Genesee Street, Room 508
Utica, New York 13501

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Petitioner pro se Claude E. Dent ("Dent") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Mohawk Correctional Facility. Dent pled guilty on February 22, 2001 to three counts of second degree robbery in Oneida County Court. Dent was sentenced as a predicate violent felony offender to a total determinate term of ten years imprisonment and is currently serving that sentence. Dent now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that his plea was not voluntarily made. For the reasons which follow, it is recommended that the petition be denied.

**I. Background**

On December 18, 2000, Dent entered the Rite Aid Pharmacy in Utica and, purporting to possess a weapon, demanded cash. The clerk handed Dent approximately $400 which Dent used to purchase drugs. Plea Hr'g. (Doc. b)[2] at 11-14. Later that evening, Dent went to the Kentucky Fried Chicken in Utica, jumped the counter, told the cashier that it was a robbery, and demanded the money from the register, again purporting to possess a weapon. The cashier handed Dent approximately $400, which Dent used to buy drugs. Id. at 14-15. Early on December 19, 2000, Dent entered the Nice-N-Easy convenience store in Utica, announced that it was a robbery, and again purported to possess a weapon. The

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[2] "Doc." followed by a letter refers to the state court records of Dent's case filed by respondent with his answer. Docket No. 19.

employee handed the cash to Dent, but before Dent exited, a police officer arrived with his gun drawn. Id. at 15-17.

Dent was arrested, indicted, pled guilty, and was sentenced as indicated above. Dent did not pursue a direct appeal. Dent's motion to set aside the sentence pursuant to N.Y. Crim. Pro. Law § 440.10 was denied by the Oneida County Court on August 14, 2001. Application for leave to appeal to the New York Court of Appeals was denied. People v. Dent, 99 N.Y.2d 534 (2002). This action followed.

## II. Discussion

Respondent contends that Dent's claim is not cognizable before this Court and in the alternative, that it fails on the merits.

## A. AEDPA Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, restricts review of habeas petitions. In order for a petitioner to be granted relief under the AEDPA, it is necessary to show that a claim adjudicated on the merits by a state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). For the purposes of the AEDPA, a claim is adjudicated on the merits if the court disposes of the claim on substantive grounds and reduces its disposition to judgment. Sellan v. Kuhlman, 261 F.3d. 303, 312 (2d Cir. 2001). No explanation of the court's reasoning process is necessary. Id. Substantive grounds involve a decision

resolving the claims based on the substance of the claim advanced, rather than on a procedural, or other, ground. Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497, 504-06 (2001).

Here, Dent made a motion to set aside his sentence pursuant to N.Y. Crim. Proc. Law § 440.20 in which he challenged the validity of his plea agreement. The county court resolved Dent's claim on the merits as it rested its decision on substantive grounds and reduced this decision to judgement. The state court reviewed the minutes of Dent's plea allocution and concluded that Dent was not coerced or pressured into pleading guilty and that Dent knowingly and willingly pleaded guilty. See Decision and Order (Doc. e). There is no indication that the state court's reasoning or review of the facts constituted a decision that was contrary to, or involved an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1).

Therefore, the petition should be denied on this ground.

### B. Merits

Dent contends that he was coerced and intimidated into accepting a plea bargain.

A court will not overturn a guilty plea on due process grounds if it was an intelligent and voluntary choice of a defendant who was aware of all the alternative courses of action. Hill v. Lockhard, 474 U.S. 52, 56 (1985); Willbright v. Smith, 745 F.2d 779, 779-80 (2d Cir. 1984). Only if the "consensual character of the plea is called into question" may the validity of a guilty plea be impeached. Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, a habeas petitioner may only challenge his guilty plea on the grounds that it was not entered

into knowingly, intelligently and voluntarily. Hill, 474 U.S. at 56; North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Whether a plea is voluntary must be determined by examining all relevant circumstances, including the possibility of a longer sentence after a jury's guilty verdict, the defendant's previous record, and whether the court explained to the defendant all options and consequences of a guilty plea. Alford, 400 U.S. at 31; Magee v. Romano, 799 F. Supp. 296, 300 (E.D.N.Y. 1992). Additionally, voluntary means that the decision to accept the offer is not the product of actual or threatened physical harm, mental coercion, or the defendant's sheer inability to weigh his options rationally. Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988). The "commonplace" feeling of being "coerced" is not a valid ground for reversing a plea and a feeling of duress is a usual result of plea bargaining. United States v. Juncal, 245 F.3d 166, 174 (2d Cir. 2001).

Dent fails to establish that his plea was not knowing and voluntarily given. Here, there were no physical threats, no economic incentives, and no mental pressures that would have rendered Dent incapable of rationally assessing his options. Dent was represented by counsel, had two weeks to consider the plea offer, and his statements that he was waiting for a better deal have no bearing on whether he was coerced. The court adequately explained the options and consequences of Dent's guilty plea. Dent admitted that he had no physical or mental problems, that he discussed it with his attorney, knew what his rights and options were, and that he had the right to reconsider his pleas before sentencing. See Plea Hr'g at 2-19 (Feb. 22, 2001).

There was no explicit threat in the judge's statement that if Dent did not accept the sentence, he would likely receive more imprisonment time if he were to go to trial. This

stated Dent's alternatives. Dent was charged with three counts of robbery in the second degree in violation of New York Penal Law § 160.10, a Class C felony. See Indictment 2001-039 (Doc. a). The potential maximum that Dent could have received was fifteen years for each count, or a maximum of forty-five years.  N.Y. Penal Law §§ 70.00, 70.04 (McKinney 1999). This was explained in detail by the court to Dent during his plea allocution. Dent was a second felony offender. See Statement Pursuant to CPL § 400.15 (Doc. c). Thus, Dent faced a substantial increase in his sentences if he were to go to trial.

Therefore, Dent voluntarily and knowingly accepted the plea agreement and, in the alternative, the petition should be denied on its merits.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**; and

**IT IS ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. *§* 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: July 12, 2004
       Albany, New York

                                          */s/ David R. Homer*
                                          United States Magistrate Judge